UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8467-PSG-KK | Date | January 16, 2015 |
|---|---|---|---|
| Title | Kamilah Ladell Dennis v. D. K. Johnson | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers) Order Directing Petitioner to File Response

On October 31, 2014, Kamilah Ladell Dennis ("Petitioner"), a California state prisoner proceeding pro se, filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court.  (ECF Docket No. ("dkt.") 1).  In the Petition, Petitioner challenges her conviction in Los Angeles County Superior Court for second-degree murder, in violation of California Penal Code section 187(a). (Id.).  Petitioner sets forth three grounds for habeas relief: (1) the trial court's refusal to hear Petitioner's imperfect self-defense claim violated her Sixth and Fourteenth Amendment rights ("Claim One"); (2) the trial court's exclusion of evidence of Petitioner's state of mind violated Petitioner's Fourteenth Amendment rights ("Claim Two"); and (3) the trial court's improper application of the *M'Naghten* insanity test violated Petitioner's Sixth and Fourteenth Amendment rights ("Claim Three").  (Id.).

On December 11, 2014, Respondent filed a Motion to Dismiss, contending Claims One and Three are unexhausted.  (Dkt. 12).  Petitioner has failed to file a timely Opposition to the Motion.

After considering Respondent's Motion, the Court makes the following determinations.

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8467-PSG-KK | Date | January 16, 2015 |
|---|---|---|---|
| Title | Kamilah Ladell Dennis v. D. K. Johnson | | |

115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

      For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

      "[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  Furthermore, the mere citation of a relevant federal constitutional provision in relation to another claim does not satisfy the exhaustion requirement.  Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.").

      The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

      Here, Claims One and Three of the instant Petition are unexhausted.  In Petitioner's only filing before the California Supreme Court (a "Petition for Review" on direct appeal), Petitioner raised three claims: (1) under *state law*, Petitioner was entitled to assert a defense of imperfect self-defense based on hallucinations and delusions; (2) the trial court's exclusion of evidence regarding Petitioner's hallucinations and delusions violated her Fourteenth and Sixth Amendment rights to present evidence; and (3) the trial court misapplied the *M'Naghten* insanity test, violating *state law*.  See Lodgment No. 2.  As this list demonstrates, Petitioner never raised Claims One and Three as *federal claims*, as she does now.  Hence, Claims One and Three are unexhausted.  Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition. However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8467-PSG-KK | Date | January 16, 2015 |
|---|---|---|---|
| Title | Kamilah Ladell Dennis v. D. K. Johnson | | |

**Option 1:**

If Petitioner contends she has in fact exhausted her state court remedies on Claims One and Three, she should clearly explain this in a response to this Order. Petitioner should attach to her response copies of any documents establishing that Claims One and Three are indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, she alternatively selects one of the other options discussed below.)

**Option 2:**

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

**Option 3:**

Petitioner may request a voluntary dismissal of only the unexhausted claims (Claims One and Three), and elect to proceed on only her exhausted claim (Claim Two). **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if she elects to proceed now with only her exhausted claim, any future habeas petition containing Claims One and Three or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while she returns to the state courts to exhaust her already pled but unexhausted claims. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for her failure to exhaust Claims One and Three in state court earlier; and (b) show that Claims One and Three are not "plainly meritless." See id. at 277. (Petitioner also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8467-PSG-KK | Date | January 16, 2015 |
|---|---|---|---|
| Title | Kamilah Ladell Dennis v. D. K. Johnson | | |

may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, she alternatively selects one of the other options.)

**Option 5:**

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claims One and Three and ask the Court to stay her remaining, fully exhausted claim while she returns to the state courts to exhaust Claims One and Three. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, she alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if she requests a stay and the Court denies the request for a stay, or if Petitioner contends that she has in fact exhausted her state court remedies on all grounds and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition. Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claims One and Three are exhausted. In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to her choice. In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay. Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected ***no later than February 6, 2015***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8467-PSG-KK | Date | January 16, 2015 |
|---|---|---|---|
| Title | Kamilah Ladell Dennis v. D. K. Johnson | | |

IT IS THEREFORE ORDERED:

1. **By February 6, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**